UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Cheng Lee and Sheng Lee,                                    Civil No. 13-180 (DWF/SER)

        Plaintiffs,

v.                                                                                    MEMORANDUM
                                                                                   OPINION AND ORDER
Federal National Mortgage Association;
SunTrust Mortgage, Inc.; Wilford and
Geske P.A., and also all other persons,
unknown claiming any right, title, estate,
interest, or lien in the real estate described
in the complaint herein,

        Defendants.

---

William B. Butler, Esq., Butler Liberty Law, LLC, counsel for Plaintiffs.

Andre T. Hanson, Esq., Margaret Rudolph, Esq., and Sparrowleaf Dilts McGregor, Esq., Fulbright & Jaworski LLP, counsel for Defendants Federal National Mortgage Association and SunTrust Mortgage, Inc.

Christina M. Snow, Esq., Wilford, Geske & Cook, PA counsel for Wilford, Geske & Cook, PA.

---

INTRODUCTION

This matter is before the Court on a Motion to Dismiss brought by Defendant Wilford, Geske & Cook, PA ("WGC") (Doc. No. 6) and a Motion to Dismiss brought by Defendants Federal National Mortgage Association ("Fannie Mae") and SunTrust Mortgage, Inc. ("SunTrust") (together, "Bank Defendants") (Doc. No. 7). For the reasons set forth below, the Court grants the motions to dismiss.

## BACKGROUND

Plaintiffs Cheng Lee and Sheng Lee (together, "Plaintiffs") are loan borrowers who executed a note and mortgage with respect to their home in Ramsey County, Minnesota. (Doc. No. 1, Ex. 1 ("Compl.") ¶¶ 1, 6.)[1] On July 9, 2008, Plaintiffs executed a promissory note in favor of SunTrust and a mortgage in favor of Mortgage Electronic Registration Systems, Inc. ("MERS"), as nominee for SunTrust. (*Id.* ¶ 6, Ex. 1.) MERS assigned its interest in the mortgage to SunTrust on November 20, 2009, in a recorded assignment. (*Id.* ¶ 9, Ex. 2.) The assignment was executed by Annette Holman-Foreman as Vice President of MERS. (*Id.*)

WGC was retained to foreclose on the property. (*Id.* ¶ 13.) WGC executed and recorded a Notice of Pendency and Power of Attorney ("POA"), dated November 20, 2009. (*Id.*) The POA was executed by Annette-Homan-Foreman, as Vice President of SunTrust. (*Id.*) The foreclosure was stopped after Plaintiff was granted a loan modification. (Doc. No. 10, Lindahl Aff. ¶ 2, Ex. 1.)[2]

---

[1]   Both Bank Defendants and WGC filed their papers in support of their respective motions on March 1, 2013. (Doc. Nos. 9 & 12.) Plaintiffs filed their opposition to WGC's motion to dismiss on March 21, 2013, and then on March 22, 2013, filed an Amended Complaint. (Doc. Nos. 18 & 19.) Plaintiffs filed the Amended Complaint without a supporting motion for leave to amend. Thus, the Amended Complaint is procedurally improper and the Court declines to consider it. Even so, the Court has reviewed the Amended Complaint and notes that it would not survive the pending motions to dismiss and is, therefore, futile.

[2]   The Court considers these materials because they are necessarily embraced by the pleadings. *See Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999).

Plaintiffs then defaulted on their modified loan. MERS again assigned any interest it had in the mortgage to SunTrust, in a recorded assignment, on February 1, 2012. (Compl. ¶ 15, Ex. 4.) Rachel Dixon executed the assignment as Vice President of MERS. (*Id.*) WGC was retained to foreclose and executed and recorded a new POA. (*Id.* ¶ 17, Ex. 5.) Kanitra Roberts executed the POA as an Officer of SunTrust. (*Id.*) WGC noticed a foreclosure sale on behalf SunTrust. (*Id.* ¶ 19, Ex. 6.) The property was sold to SunTrust at the Sheriff's sale on May 25, 2012. (*Id.*) On July 3, 2012, SunTrust assigned the Sheriff's Certificate to Fannie Mae. (*Id.* ¶ 21, Ex. 7.) The six-month statutory period for Plaintiffs to redeem the property expired on November 25, 2012. *See* Minn. Stat. § 580.23. Fannie Mae commenced an eviction proceeding, which was stayed in January 2013 pending resolution of this case. (Doc. No. 9 at 3, citing *Fed. Nat'l Mortg. Ass'n v. Sheng Lee, Cheng K. Lee, John Doe and Mary Rowe*, Civ. No. 62-HG-CV-12-3793 (Ramsey County District Court, Housing Conciliation Division).)

On or around December 20, 2012, almost seven months after the Sheriff's sale, Plaintiffs commenced this action in Ramsey County District Court. (Compl.) Fannie Mae and SunTrust removed the action to this Court. (*Id.*) In their Complaint, Plaintiffs assert five causes of action: (1) Determination of Adverse Claims, Minn. Stat. § 559.01; (2) Declaratory Judgment, Minn. Stat. § 555.01, *et seq.*; (3) Penalties for Deceit or Collusion, Minn. Stat. § 481.07; (4) Negligence Per Se; and (5) Slander of Title. (Compl. ¶¶ 35-62.) Plaintiffs' claims are all based on two legal theories: (1) that the foreclosure was procedurally defective because there was an unrecorded assignment of mortgage to Fannie Mae before the Sheriff's sale (*id.* ¶¶ 11, 22-29); and (2) that the signatories on

3

several of the foreclosure related mortgage instruments did not have legal authority to execute the instruments (*id.* ¶¶ 10, 14, 16 & 18).  Plaintiffs contend that the foreclosure sale was void and that they are the owners of fee title to the property.  (*Id.* ¶¶ 32-34.)

Defendants now move to dismiss all of Plaintiffs' claims.  The Court considers the pending motions below.

## DISCUSSION

**I.     Legal Standard**

In deciding a motion to dismiss pursuant to Rule 12(b)(6), a court assumes all facts in the complaint to be true and construes all reasonable inferences from those facts in the light most favorable to the complainant.  *Morton v. Becker*, 793 F.2d 185, 187 (8th Cir. 1986) (citations omitted).  In doing so, however, a court need not accept as true wholly conclusory allegations, *Hanten v. Sch. Dist. of Riverview Gardens*, 183 F.3d 799, 805 (8th Cir. 1999), or legal conclusions drawn by the pleader from the facts alleged.  *Westcott v. City of Omaha*, 901 F.2d 1486, 1488 (8th Cir. 1990).  A court may consider the complaint, matters of public record, orders, materials embraced by the complaint, and exhibits attached to the complaint in deciding a motion to dismiss under Rule 12(b)(6).  *Porous*, 186 F.3d at 1079 (citations omitted).

To survive a motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007).  Although a complaint need not contain "detailed factual allegations," it must contain facts with enough specificity "to raise a right to relief above the speculative level."  *Id.* at 555.  As the United States Supreme Court recently reiterated, "[t]hreadbare

4

recitals of the elements of a cause of action, supported by mere conclusory statements," will not pass muster under *Twombly*. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555). In sum, this standard "calls for enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of [the claim]." *Twombly*, 550 U.S. at 556.

## II. Motions to Dismiss

### A. Rule 8

Bank Defendants and WGC argue that Plaintiffs' Complaint violates Rule 8 of the Federal Rules of Civil Procedure. Under Rule 8, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While the Rule 8 pleading standard does not require "detailed factual allegations," it does demand "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A complaint will not suffice if it "tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id*. (quoting *Twombly*, 550 U.S. at 557).[3]

---

[3] Tthe Court rejects Plaintiffs argument that "it is fundamentally unfair, unjust, and raises an issue of due process to apply federal Rule 8 standards to a complaint meant for state court proceedings." (Doc. No. 18 at 7.) It is clear that federal pleading standards apply to state substantive law to determine if a complaint sets forth a claim under state law. *See Karnatcheva v. JPMorgan Chase Bank, N.A.*, 704 F.3d 545, 548 (8th Cir. 2013). Counsel for Plaintiffs should be aware of this considering his "extensive history of amending his filed complaints in other cases." *Stilp v. HSBC Bank USA, N.A.*, Civ. No. 12-3098, 2013 WL 1175025, at *3 (D. Minn. Mar. 20, 2013).

Plaintiffs' Complaint asserts two theories of an invalid foreclosure. However, Plaintiffs base their claims on factual assertions that are based entirely on "information and belief." (Compl. ¶¶ 8, 10-12, 14, 16, 18, 20, 22 & 29.) For example, Plaintiffs allege that the foreclosure sale is invalid because there was an unrecorded assignment of the mortgage. In support, Plaintiffs allege, "upon information and belief," that MERS no longer considered the loan active prior to November 20, 2009. (*Id.* ¶ 12.) Plaintiffs further assert that the alleged "deactivated" status of the loan resulted from an alleged unrecorded assignment of the mortgage to Fannie Mae. (*Id.* ¶¶ 11, 20.) However, Plaintiffs do not plead any specific facts to demonstrate that MERS assigned the mortgage to Fannie Mae prior to November 20, 2009.[4] Plaintiffs do, however, allege that there is a recorded assignment between MERS and SunTrust. (*Id.* ¶ 9.) In addition, Plaintiffs allege "upon information and belief" that the various signatories who executed the various mortgage instruments did not have legal authority to do so. (*Id.* ¶¶ 10, 14, 16, 18.) Again, Plaintiffs fail to offer any specific factual allegations to support the claim, such as facts that would show that the signatories lacked legal authority. The allegations do not satisfy Rule 8. *See, e.g.*, *Novak v. JP Morgan Chase Bank, N.A.,* Civ. No. 12-589, 2012 WL 3638512, at *6 (D. Minn. Aug. 23, 2012) (holding that plaintiffs' claims "upon information and belief" regarding the execution and validity of assignments are bare and

---

[4] The only fact even arguably cited in support of the conclusion that there is an unrecorded assignment is that Fannie Mae's Seller/Servicer Guides require that an assignment of mortgage be executed in favor of Fannie Mae. (*Id.* ¶¶ 22-26.) This conclusory allegation is insufficient.

conclusory and fail to satisfy Rule 8); *Haubrich v. U.S. Bank Nat. Ass'n*, Civ. No. 12-565, 2012 WL 3612023, at *3-4 (D. Minn. Aug. 21, 2012) (holding conclusory statements made "upon information and belief" regarding the execution and validity of assignments did not meet requirements of Rule 8).

The Court concludes that Plaintiffs have failed to comply with Rule 8, as their Complaint "tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557). Plaintiffs' bald assertions fail to provide any facts necessary to render Plaintiffs' claims plausible.[5] Accordingly, the Complaint is properly dismissed. Even so, the Court considers alternative grounds for dismissal below.

B. **Standing**

Even if Plaintiffs' pleading satisfied Rule 8, Plaintiffs lack standing. At the heart of Plaintiffs' claims is the allegation that the foreclosure and mortgage are void because unrecorded assignments exist and because various documents were signed without legal authority. However, the foreclosure sale occurred on May 25, 2012, and Plaintiffs filed suit on December 20, 2012. Thus, on the face of the Complaint, it is clear that Plaintiffs did not object to the foreclosure on their property within the six-month redemption period. *See* Minn. Stat. § 580.23(a). Plaintiffs, therefore, no longer have standing to

---

[5] This is especially true in light of the effect of the sheriff's certificate of sale. *See* Minn. Stat. § 580.19 ("Every sheriff's certificate of sale made under a power to sell contained in a mortgage shall be prima facie evidence that all the requirements of law in that behalf have been complied with . . . after the time for redemption therefrom has expired.").

7

challenge the foreclosure. *See Stein v. Chase Home Fin.*, Civ. No. 09–1995, 2010 WL 4736828, at *6 (D. Minn. Aug. 13, 2010) (holding that a plaintiff could not challenge the validity of a foreclosure because the challenge was raised after the expiration of the redemption period), *aff'd*, 662 F.3d 976 (8th Cir. 2011); *Haubrich*, Civ. No. 12-565, 2012 WL 3612023, at *3-4.

Accordingly, Plaintiffs' Complaint is also properly dismissed for lack of standing.

C.     **Merits**

Because Plaintiffs' entire Complaint is properly dismissed with prejudice for the reasons stated above, the Court need not address the reasons that each individual cause of action fails to state a claim. The Court does, however, note that the two theories posited by Plaintiffs fail as a matter of law. First, Plaintiffs' theory that prior to foreclosure, there was an unrecorded assignment of their mortgage to Fannie Mae fails because Plaintiffs do not allege that someone actually created and executed (and then failed to record) an assignment prior to the foreclosure. Instead, Plaintiffs allege that Fannie Mae's servicing guides and certain of MERS system rules illustrate that there was an agreement to assign the mortgage. Plaintiffs offer mere speculation about what may have happened, but the facts alleged in the Complaint do not allow for any plausible inference in favor of Plaintiffs' theory. *See, e.g.*, *Dunbar v. Wells Fargo Bank, N.A.*, 853 F. Supp. 2d 839, 848 (D. Minn. 2012). Second, Plaintiffs' allegations simply do not support their theory that the signatories lacked legal authority to execute certain documents. Instead, their allegations are refuted by the very documents upon which they rely. *See, e.g.*, *Nelson v.*

*The Bank of New York Mellon*, Civ. No. 12-1096, 2012 WL 4511165, at *3 (D. Minn. Oct. 1, 2012).

In short, Plaintiffs have not alleged any specific facts that would demonstrate a defect in the mortgage instruments or specific facts or law that would call into question any assignment of a mortgage in this action.  Rather, Plaintiffs' allegations are belied by the exhibits attached to or embraced by the Complaint.  For these reasons, Plaintiffs cannot establish that Defendants were not entitled to foreclose.  Plaintiffs' claims are all properly dismissed with prejudice.  Because it is apparent to the Court that there is no legal or factual basis for any asserted claim against Defendants, the Court grants both Bank Defendants' and WGC's motion to dismiss.

## ORDER

Based upon the foregoing, **IT IS HEREBY ORDERED** that:

1. Bank Defendants' Motion to Dismiss (Doc. No. [7]) is **GRANTED**.

2. WGC's Motion to Dismiss (Doc. No. [6]) is **GRANTED**.

3. Plaintiffs' Complaint (Doc. No. [1], Ex. 1) is **DISMISSED WITH PREJUDICE**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:  June 12, 2013            s/Donovan W. Frank
                                 DONOVAN W. FRANK
                                 United States District Judge